UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MARTIN O'BRIEN and JAMES MANNING,    :

          Plaintiffs,    :    Case No. 07 Civ. 9582 (PAC)

          - against -    :    **ANSWER**

NICE SYSTEMS INC. and NICE SYSTEMS    :
LTD.,    :
          Defendants.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Defendants NICE Systems Inc. and NICE Systems Ltd. (collectively, "Defendants") by

their attorneys, Bryan Cave LLP, for their answer to the Complaint state as follows:

1.      Defendants aver that the allegations in paragraph 1 constitute legal argument not

requiring a response, and otherwise deny the allegations in paragraph 1 of the Complaint.

2.      Defendants admit that Martin O'Brien ("Mr. O'Brien") is an adult male, and

otherwise deny knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 2 of the Complaint.

3.      Defendants admit that James Manning ("Mr. Manning") is an adult male, and

otherwise deny knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 3 of the Complaint.

4.      Defendants admit the allegations in paragraph 4 of the Complaint.

5.      Defendants admit that NICE Systems Ltd. is an Israeli corporation which has its

headquarters and principal place of business in Israel, and that NICE Systems Ltd. is the

corporate parent of NICE Systems Inc., and otherwise deny the allegations in paragraph 5 of the

Complaint.

6.    Defendants aver that the allegations in paragraph 6 constitute legal argument not requiring a response, and otherwise deny the allegations in paragraph 6 of the Complaint.

7.    Defendants aver that the allegations in paragraph 7 constitute legal argument not requiring a response, and otherwise deny the allegations in paragraph 7 of the Complaint.

8.    With respect to the first sentence of paragraph 8 of the Complaint, NICE Systems Inc. admits, on information and belief, that plaintiffs filed a charge with the EEOC on May 24, 2007, and denies that the charge was timely filed, and NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of those allegations. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 8. Defendants admit the allegation in the third sentence of paragraph 8.

9.    With respect to the first sentence of paragraph 9 of the Complaint, NICE Systems Ltd. admits, on information and belief, that plaintiffs filed a charge with the EEOC in October 2007, and denies that the charge was timely filed, and NICE Systems Inc. denies knowledge or information sufficient to form a belief as to the truth of those allegations. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 9.

10.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11.    Defendants deny the allegations in paragraph 11 of the Complaint.

12.    Defendants deny the allegations in paragraph 12 of the Complaint.

13.    Defendants admit that NICE Systems Ltd. operates a website www.nice.com, and that the products and services sold by NICE Systems Ltd. in certain geographic areas, and NICE

2

Systems Inc. and other affiliates of NICE Systems Ltd. in other geographic areas, often refer to the brand name NICE, which is owned by NICE Systems Ltd., and otherwise deny the allegations in paragraph 13 of the Complaint.

14.     Defendants admit that the website operated by NICE Systems Ltd. contained the statement quoted in paragraph 14 of the Complaint as of October 2007, and otherwise deny the allegations in paragraph 14 of the Complaint..

15.     Defendants admit that the website operated by NICE Systems Ltd. contained the statement quoted in paragraph 15 of the Complaint as of October 2007, and otherwise deny the allegations in paragraph 15 of the Complaint.

16.     Defendants admit that the website operated by NICE Systems Ltd. contained the words quoted in paragraph 16 of the Complaint as of October 2007, and otherwise deny the allegations in paragraph 16 of the Complaint.

17.     Defendants deny the allegations in paragraph 17 of the Complaint.

18.     Defendants deny the allegations in paragraph 18 of the Complaint.

19.     Defendants deny the allegations in paragraph 19 of the Complaint.

20.     Defendants deny the allegations in paragraph 20 of the Complaint.

21.     Defendants deny the allegations in paragraph 21 of the Complaint.

22.     NICE Systems Inc. admits that it filed a position statement with the EEOC in July 2007, and otherwise denies the allegations in paragraph 22 of the Complaint. NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of those allegations.

23.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, except NICE Systems Inc. admits that it hired plaintiffs in the mid-1990's.

24.     NICE Systems Inc. admits that it hired plaintiffs, and that Mr. O'Brien worked for NICE Systems Inc. for more than 10 years, and otherwise denies the allegations in paragraph 24 of the Complaint. NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of those allegations.

25.     NICE Systems Inc. denies the allegations in the first sentence of paragraph 25 of the Complaint,  and NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of those allegations.   Defendants deny the allegations in the second sentence of paragraph 25 of the Complaint.

26.     NICE Systems Inc. admits that that Mr. O'Brien is a white male who appears to be Caucasian, and that Mr. O'Brien has informed it that he was born in the United States on August 7, 1964, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.  NICE Systems Ltd. admits that Mr. O'Brien is a white male who appears to be Caucasian and otherwise denies knowledge or information sufficient to form a belief as to the truth of  the allegations in paragraph 26 of the Complaint.

27.     NICE Systems Inc. admits that Mr. O'Brien worked for NICE Systems Inc. from some time in 1996 through January 10, 2007, and otherwise denies the allegations in paragraph 27 of the Complaint. NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of those allegations.

C0532300210908/1453558.11

28.    NICE Systems Inc. admits that Mr. O'Brien was qualified for the director position he held, and otherwise denies the allegations in paragraph 28 of the Complaint. NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of those allegations.

29.    NICE Systems Inc. denies the allegations in paragraph 29 of the Complaint. NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of those allegations.

30.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31.    NICE Systems Inc. admits that Mr. O'Brien was hired as a Major Accounts Sales Manager in 1996, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint. NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of those allegations.

32.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint.

33.    NICE Systems Inc. denies the allegations in the first two sentences of paragraph 33 of the Complaint, except admits that Mr. O'Brien had the title Senior Director and managed a team of about 12 employees. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of paragraph 33.

34.    NICE Systems Inc. denies the allegations in the first and third sentences of paragraph 34 of the Complaint, and admits the allegations in the fourth sentence of paragraph 34. With respect to the allegations in the second sentence of paragraph 34, NICE Systems Inc. admits that Mr. O'Brien achieved approximately 142% of his booking goals and achieved

5

approximately $17,400,000 in bookings in 2005, and otherwise denies those allegations. NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint.

35.    NICE Systems Inc. denies the allegations in the first and fourth sentences of paragraph 35 of the Complaint. With respect to the allegations in the second and third sentences of paragraph 35 of the Complaint, NICE Systems Inc. admits that Mr. O'Brien's team generated more than $23,000,000.00 in bookings, that Mr. O'Brien's team generated approximately $30,000,000 in revenues (including "maintenance" revenues), and that he achieved approximately 104% of his booking goals in 2006, and otherwise denies those allegations. NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint.

36.    Defendants admit that Mr. O'Brien was awarded membership in the President's Club in at least two years and that each year of membership generally included a fully paid company trip in the following year, and otherwise deny the allegations in paragraph 36 of the Complaint.

37.    NICE Systems Inc. admits that Mr. Manning is a white male who appears to be Caucasian, and that Mr. Manning has informed it that he was born in the United States on September 30, 1963, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint. NICE Systems Ltd. admits that Mr. Manning is a white male who appears to be Caucasian, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint.

C0532300210908/1453558.11

38.     NICE Systems Inc. admits that Mr. Manning worked for NICE Systems Inc. from September 1997 through January 10, 2007, and otherwise denies the allegations in paragraph 38 of the Complaint. NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of those allegations.

39.     NICE Systems Inc. admits that Mr. Manning was qualified for his positions, and otherwise denies the allegations in paragraph 39 of the Complaint. NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of those allegations.

40.     NICE Systems Inc. denies the allegations in paragraph 40 of the Complaint. NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of those allegations.

41.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint.

42.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint.

43.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint.

44.     NICE Systems Inc. admits that Mr. Manning was awarded membership in the President's Club in at least two years after 2002 and that Mr. Manning exceeded his sales quota during certain years of employment, and otherwise denies the allegations in paragraph 44 of the Complaint. NICE Systems Ltd. admits that Mr. Manning was awarded membership in the President's Club in at least two years after 2002 and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint.

C0532300210908/1453558.11

45.     NICE Systems Inc. admits the allegations in the first sentence of paragraph 45 of the Complaint, and denies the allegations in the second and fourth sentences of paragraph 45 of the Complaint. NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of those allegations. With respect to the allegations in the third sentence of paragraph 45, Defendants deny knowledge or information sufficient to form a belief as to the truth of those allegations.

46.     With respect to the allegations in paragraph 46 of the Complaint, NICE Systems Inc. admits the seventh sentence; admits that, in or about January 2003, it transferred Mr. Manning to Sales Director of the Financial Trading Team, and that while in that position he managed a team of approximately 3 other employees  and managed the company's relationship with Deutsche Bank; denies knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth and sixth sentences; and otherwise denies the allegations in paragraph 46 of the Complaint.  NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint.

47.     NICE Systems Inc. denies the allegations in the first sentence of paragraph 47 of the Complaint.  With respect to the allegations in the second sentence of paragraph 47 of the Complaint, NICE Systems Inc. admits that Mr. Manning earned membership in the President's Club in 2005, and otherwise denies those allegations.  NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint, except admits that Mr. Manning earned membership in the President's Club in 2005.

48.     NICE Systems Inc. denies the allegations in the first sentence of paragraph 48 of the Complaint.  With respect to the allegations in the second sentence of paragraph 48, NICE Systems Inc. admits that Mr. Manning's team achieved approximately 119% of the team annual

8

quota, and otherwise denies those allegations. With respect to the allegations in the third

sentence of paragraph 48, NICE Systems Inc. admits that Mr. Manning's team secured one sale

of the Compliance Suite of applications and that Mr. Shani included the Compliance Suite of

applications in the initiatives for 2006, and otherwise denies those allegations. NICE Systems

Ltd. denies knowledge or information sufficient to form a belief as to the truth of the allegations

in paragraph 48 of the Complaint, except admits that Mr. Shani included the Compliance Suite of

applications in the initiatives for 2006.

49.     Defendants deny the allegations in paragraph 49 of the Complaint.

50.     Defendants deny the allegations in paragraph 50 of the Complaint.

51.     Defendants deny the allegations in paragraph 51 of the Complaint.

52.     Defendants deny the allegations in paragraph 52 of the Complaint.

53.     Defendants deny the allegations in paragraph 53 of the Complaint.

54.     Defendants deny the allegations in paragraph 54 of the Complaint.

55.     Defendants deny the allegations in paragraph 55 of the Complaint.

56.     Defendants deny the allegations in paragraph 56 of the Complaint.

57.     Defendants admit that Haim Shani has been CEO of NICE Systems Ltd. from

January 2001 through the present, that Shlomo Shamir is currently President of NICE Systems

Ltd., that the website states their current positions, that Mr. Shamir previously served as CEO

and President of NICE Systems Inc, and that Mr. Shani and Mr. Shamir are Israeli and Jewish,

and otherwise deny the allegations in paragraph 57 of the Complaint.

58.     With respect to the allegations in the first sentence of paragraph 58 of the

Complaint, Defendants admit that Mr. Shamir, as President and CEO of NICE Systems Inc.,

retained Mr. O'Brien, and otherwise deny those allegations. With respect to the allegations in the

second sentence of paragraph 58 of the Complaint, Defendants admit that NICE Systems Ltd.

awarded stock options to Mr. O'Brien, and many other NICE Systems Inc. employees, to create

an incentive for them to remain employed by NICE Systems Inc., and otherwise deny those

allegations.

59.    Defendants admit that Nice Systems Inc. hired Ian Ehrenberg as VP of Sales

(Voice Division) in 2001, that Mr. Ehrenberg is Jewish, and that Mr. O'Brien informed Mr.

Shamir that he was interested in the VP of Sales (Voice Division) position, and otherwise deny

the allegations in paragraph 59 of the Complaint. .

60.    NICE Systems Inc. admits the allegations in paragraph 60 of the Complaint.

NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of

those allegations.

61.    NICE Systems Inc. denies the allegations in paragraph 61 of the Complaint.

NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of

those allegations.

62.    NICE Systems Inc. denies the allegations in paragraph 62 of the Complaint with

respect to Mr. Ehrenberg and Mr. Daniels, and otherwise denies knowledge or information

sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint.

NICE Systems Ltd. denies the allegations in paragraph 62 of the Complaint with respect to Mr.

Daniels, and otherwise denies knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 62 of the Complaint.

63.    NICE Systems Inc. denies the allegations in paragraph 63 of the Complaint.

NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of

those allegations.

64.    NICE Systems Inc. denies the allegations in the first, third and fourth sentences of paragraph 64 of the Complaint.  With respect to the allegations in the second sentence of paragraph 64 of the Complaint, NICE Systems Inc. admits that the Sales Division was reorganized by Mr. Ehrenberg and that the extent of Mr. O'Brien's territory and the size of Mr. O'Brien's team was reduced in connection with that reorganization.  NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Complaint.

65.    NICE Systems Inc. denies the allegations in the first, second and fourth sentences of paragraph 65 of the Complaint.  With respect to the allegations in the third sentence of paragraph 65 of the Complaint, NICE Systems Inc. admits that Mr. Manning managed and led a team of other employees, denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding clients obtained by that team, and otherwise denies those allegations, and NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Complaint.

66.    NICE Systems Inc. denies the allegations in paragraph 66 of the Complaint. NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint.

67.    NICE Systems Inc. denies the allegations in paragraph 67 of the Complaint. NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of those allegations.

68.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of paragraph 68 of the Complaint.  With respect to the allegations in the second, fifth and seventh sentences of paragraph 68 of the

11

Complaint, NICE Systems Inc. denies those allegations, and NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of those allegations. With respect to the allegations in the fourth and sixth sentences of paragraph 68 of the Complaint, NICE Systems Inc. admits that it hired Michael Rubinov as a Partner Relationship Manager for IBM and Cisco, and promoted him to the position of Director of Marketing for NICE Vision, and otherwise denies those allegations, and NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of those allegations.

69.    NICE Systems Inc. admits that in 2003 Mr. Ehrenberg, who then held both the Vice President Sales and Director of Financial Trading positions, recommended to Mr. Shamir that a Director of Financial Trading be appointed, and that Mr. Manning be appointed to that position; admits that Mr. Manning was promoted to that position; and otherwise denies the allegations in paragraph 69 of the Complaint. NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint.

70.    Defendants admit the allegations in the first, second, third and fourth sentences of paragraph 70 of the Complaint, admit that Yochai Rozenblat and Jacob Fox split management responsibilities for the sales division, and otherwise deny the allegations in paragraph 70 of the Complaint.

71.    NICE Systems Inc. admits the allegations in the first, fourth and fifth sentences of paragraph 71 of the Complaint, admits that Mr. Shamir knew that Mr. O'Brien wanted a Vice President Sales position, and otherwise denies the allegations in paragraph 71 of the Complaint. NICE Systems Ltd. admits that Mr. Fox and Mr. Rozenblat are Israeli, denies the allegations in the second, third, ninth, tenth and twelfth sentences in paragraph 71, and otherwise denies

12

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint.

72.    NICE Systems Ltd. denies the allegations in paragraph 72 of the Complaint, except admits the allegations in the first sentence of paragraph 72. NICE Systems Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint.

73.    With respect to the allegations in paragraph 73 of the Complaint, NICE Systems Inc. admits the allegations in the first sentence, denies the allegations in the second and fourth sentences, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence. NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Complaint

74.    NICE Systems Inc. denies the allegations in the third sentence of paragraph 74 of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Complaint. NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Complaint.

75.    Defendants admit that in 2005 Eran Gorev began employment as President and CEO of NICE Systems Inc. and Mr. Shamir transferred from President and CEO of NICE Systems Inc. to President of NICE Systems Ltd., admit that the website contains the alleged information, admit that Mr. Gorev graduated from a law school in Tel Aviv and worked at one time as  a software engineer, and otherwise deny the allegations in paragraph 75 of the Complaint.

13

76.    NICE Systems Inc. admits that, in or about January 2005, plaintiffs attended a meeting with Mr. Gorev in Houston, Texas, and otherwise denies the allegations in paragraph 76 of the Complaint.  NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of those allegations.

77.    With respect to the allegations contained in paragraph 77 of the Complaint, NICE Systems Inc. admits it promoted Sara Lieberman from Sales Engineer to Sales Representative, that Ms. Lieberman reported to Julie Rupp after her promotion, and that Ms. Lieberman had responsibilities for the American Express client account after her promotion; denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 77; and otherwise denies the allegations in paragraph 77 of the Complaint.  NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the Complaint.

78.    Defendants admit that NICE Systems Ltd. hired Chris Daniels as VP of Global accounts in late 2005, deny that Defendants were aware of Mr. Daniels' religion before he was hired, admit that Mr. Daniels is Jewish, admit that Mr. Daniels is younger than plaintiffs, admit that Global Accounts include Deutsche Bank, Citibank and UBS, admit that Mr. Manning had responsibilities for those accounts with respect to the trading floor business in the North American market, and otherwise deny the allegations in paragraph 78 of the Complaint.

79.    NICE Systems Ltd. admits the allegations in the first and second sentences of paragraph 79 of the Complaint, except denies that NICE Systems Inc. had any involvement in the promotion decision.  NICE Systems Ltd. denies the allegations in the third and fourth sentences of paragraph 79 of the Complaint.  NICE Systems Inc. admits that Ms. Koren was

14

based in New Jersey and had been Sales Director of its CALA Region, and otherwise denies the allegations in paragraph 79 of the Complaint.

80.    Defendants admit that, in 2006, Nice Systems Inc. informed Mr. O'Brien that he was being promoted to Vice President, Financial Services Accounts and that he was being awarded 7,000 stock options on a four-year vesting schedule; deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 80; and otherwise deny the allegations in paragraph 80 of the Complaint.

81.    Defendants admit that in 2006 NICE Systems Inc. promoted three employees to Regional Vice President positions, and otherwise deny the allegations in the first sentence of paragraph 81 of the Complaint. NICE Systems Inc. denies the allegations in the second, third and fourth sentences of paragraph 81 of the Complaint, and NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of those allegations.

82.    With respect to the allegations in paragraph 82 of the Complaint, NICE Systems Inc. admits that in 2006 Mr. Manning, and all other EIS directors, were compensated on a 60% team attainment and 40% individual attainment basis, that in 2006 Mr. Manning was assigned six accounts for his individual sales efforts, and that Mr. Manning requested a copy of his personnel file on January 10, 2007, and otherwise denies the allegations in paragraph 82 of the Complaint. NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Complaint.

83.    NICE Systems Inc. admits that plaintiffs qualified for President's Club in 2005 and that, as a result, they were invited to attend a company trip to Grand Cayman in 2006, and otherwise denies the allegations in paragraph 83 of the Complaint. NICE Systems Ltd. admits that plaintiffs qualified for President's Club in 2005 and that, as a result, they were invited to

15

attend a company trip to Grand Cayman in 2006, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the Complaint.

84.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 84 of the Complaint. Defendants deny the allegations in the third and fourth sentences of paragraph 84 of the Complaint, except admit that Alon Klomek is Israeli and filled the alleged Director position in 2007.

85.    NICE Systems Inc. denies the allegations in paragraph 85 of the Complaint, except admits that plaintiffs' employment was terminated on January 10, 2007. NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the Complaint.

86.    NICE Systems Inc. denies the allegations in paragraph 86 of the Complaint. NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the Complaint.

87.    NICE Systems Inc. admits the allegations in paragraph 87 of the Complaint on information and belief, except it denies that this alleged presentation was the largest potential deal ever pitched by NICE Systems Inc. NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the Complaint.

88.    With respect to the allegations in paragraph 88 of the Complaint, NICE Systems Inc. admits that Mr. O'Brien had scheduled a meeting with Mr. Gorev for January 10, 2007, that there was a scheduled sales management meeting that day, and that Mr. O'Brien was asked to meet with Mr. Rozenblat and Janet Ginsberg, who is its Vice President of Human Resources and is Jewish; denies knowledge or information sufficient to form a belief as to the truth of the

16

allegations with respect to the subject matter of the meeting scheduled with Mr. Gorev and whether that meeting was postponed; and otherwise denies the allegations in paragraph 88 of the Complaint. NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 of the Complaint.

89.     NICE Systems Inc. admits the allegations in paragraph 89 of the Complaint, except denies that it told Mr. O'Brien that it had planned to separate him from employment for more than one year. NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 of the Complaint.

90.     NICE Systems Inc. admits that Ms. Ginsberg requested that Mr. O'Brien return the company's laptop computer and blackberry, that at the company's request police officers visited the company's New Jersey office, and that Mr. O'Brien ultimately returned the laptop and blackberry to NICE Systems Inc. that day, and otherwise denies the allegations in paragraph 90 of the Complaint. NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 of the Complaint.

91.     NICE Systems Inc. admits that Mr. Manning was scheduled to attend a sales management meeting in the company's New Jersey office on January 10, 2007, and that he was requested to meet with Mr. Gorev and Shosh Kaufman, who is a Human Resources employee and is Israeli, and otherwise denies the allegations in paragraph 91 of the Complaint. NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 of the Complaint.

92.     NICE Systems Inc. admits the allegations in paragraph 92 of the Complaint. NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 of the Complaint.

93.    NICE Systems Inc. avers that each plaintiff had performance issues which were a factor in the decision to terminate his employment and otherwise denies the allegations in paragraph 93 of the Complaint. NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 of the Complaint.

94.    NICE Systems Inc. denies the allegations in paragraph 94 of the Complaint. NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the Complaint.

95.    NICE Systems Inc. denies the allegations in paragraph 95 of the Complaint, except admits that it informed plaintiffs that Jacob Fox's employment was terminated, and admits that Mr. Fox is Israeli. NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 of the Complaint, except admits that Mr. Fox is Israeli.

96.    With respect to the allegations in paragraph 96 of the Complaint, NICE Systems Inc. avers that Mr. Fox relocated to California while employed by NICE Systems Inc., and that it informed Mr. Fox in November 2006 that his employment would be terminated effective at the end of the year; admits on information and belief that Mr. Fox commenced employment with PineApp Americas after December 31, 2006; denies knowledge or information sufficient to form a belief as to the truth of the allegations with respect to PineApp Ltd.; and otherwise denies the allegations in paragraph 96 of the Complaint. NICE Systems Ltd. admits that NICE Systems Inc. provided Mr. Fox advance notice of the termination of his employment, as described above, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 of the Complaint.

18

97.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 of the Complaint.

98.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 of the Complaint.

99.    NICE Systems Inc. admits the allegations in the first, second and third sentences of paragraph 99 of the Complaint, except denies that the email was sent in March 2007, and denies the allegations in the fourth sentence of paragraph 99 of the Complaint. NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 of the Complaint.

100.    Defendants deny the allegations in paragraph 100 of the Complaint.

101.    Defendants deny the allegations in paragraph 101 of the Complaint.

102.    Defendants deny the allegations in paragraph 102 of the Complaint.

103.    Defendants deny the allegations in paragraph 103 of the Complaint.

104.    NICE Systems Inc. denies the allegations in paragraph 104 of the Complaint. NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 of the Complaint.

105.    Defendants deny the allegations in paragraph 105 of the Complaint.

106.    Defendants deny the allegations in paragraph 106 of the Complaint.

107.    NICE Systems Inc. denies the allegations in paragraph 107 of the Complaint, except admits that it hired Alon Klomek, who is Israeli, in or about 2004, and that Mr. Klomek reported to Mr. Bosco at that time. NICE Systems Ltd. admits that Alon Klomek is Israeli, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 of the Complaint.

C0532300210908/1453558.11

108.    With respect to the allegations in the first sentence of paragraph 108 of the Complaint, Defendants admit that NICE Systems Inc. assigned Mr. Klomek to the position of Director of Distribution/Indirect Sales, aver that this occurred in 2007, and otherwise deny those allegations. Defendants deny the allegations in the second and third sentences of paragraph 108.

109.    NICE Systems Inc. denies the allegations in paragraph 109 of the Complaint. NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 of the Complaint.

110.    NICE Systems Inc. denies the allegations in paragraph 110 of the Complaint, except admits that Mr. Greenberg was transferred from a Solutions Engineer position to a Sales Representative position, and that Mr. Manning was terminated from employment. NICE Systems Ltd. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 of the Complaint.

111.    Defendants deny the allegations in paragraph 111 of the Complaint, except admit that NICE Systems Inc. filed a lawsuit against Mr. O'Brien in New York and withdrew that lawsuit without prejudice in April 2007.

112.    With respect to the allegations in the first sentence of paragraph 112 of the Complaint, NICE Systems Inc. admits that Amy Fierstein is a current employee and is Jewish, and otherwise denies those allegations, and NICE System Ltd. denies knowledge or information sufficient to form a belief as to the truth of those allegations. With respect to the allegations in the second sentence of paragraph 112, NICE Systems Inc. denies that Bar Veinstein referred to Ms. Fierstein and Maureen Dillon as goyim and NICE System Ltd. denies knowledge or information sufficient to form a belief as to the truth of that allegation, and Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in the

20

second sentence.  Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations in the third, fourth, and fifth sentences of paragraph 112. Defendants

admit that NICE Systems Ltd. currently employs Mr. Veinstein as Director of Product

Marketing, and otherwise deny the allegations in the sixth sentence of paragraph 112.

Defendants deny knowledge or information sufficient to form a belief as to the truth of the

allegations in the seventh and eighth sentences of paragraph 112.  Defendants admit the

allegations in the ninth sentence of paragraph 112 with respect to a lawsuit by NICE Systems

Inc. against Mr. Kawecki, and otherwise deny those allegations.

     113.    Defendants deny the allegations in paragraph 113 of the Complaint.

     114.    Defendants deny the allegations in paragraph 114 of the Complaint, except NICE

System Inc. admits on information and belief that, as of January 10, 2007, Mr. O'Brien was 42

and Mr. Manning was 43, and NICE System Ltd. denies knowledge or information sufficient to

form a belief as to the truth of that allegation.

     115.    Defendants deny the allegations in paragraph 115 of the Complaint, except admit

that certain of Mr. O'Brien's accounts were assigned to Mr. Daniels, who, on information and

belief, is younger than Mr. O'Brien.

     116.    With respect to the allegations in paragraph 116 of the Complaint, NICE System

Inc. admits that its position statement to the EEOC contains the quoted language and otherwise

denies those allegations. NICE System Ltd. denies knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 116 of the Complaint.

     117.    NICE Systems Inc. denies the allegations in the first sentence of paragraph 117 of

the Complaint. With respect to the allegations in the second sentence of paragraph 117, NICE

Systems Inc. admits that plaintiffs recommended hiring Mr. Humblias,  and otherwise denies

C053230021908/1453558.11

knowledge or information sufficient to form a belief as to the truth of those allegation. NICE Systems Inc. denies the allegations in the third and fourth sentences of paragraph 117, except admits that Mr. Humblias was retained by the company as an independent contractor. NICE System Ltd. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 of the Complaint.

118.    Defendants deny the allegations in paragraph 118 of the Complaint.

119.    Defendants deny the allegations in paragraph 119 of the Complaint.

120.    Defendants deny the allegations in paragraph 120 of the Complaint.

121.    Defendants deny the allegations in paragraph 121 of the Complaint.

122.    Defendants deny the allegations in paragraph 122 of the Complaint.

123.    Defendants deny the allegations in paragraph 123  of the Complaint.

124.    Defendants deny the allegations in paragraph 124 of the Complaint.

125.    Defendants deny the allegations in paragraph 125 of the Complaint.

126.    Defendants deny the allegations in paragraph 126 of the Complaint.

127.    Defendants deny the allegations in paragraph 127 of the Complaint.

128.    Defendants deny the allegations in paragraph 128 of the Complaint.

129.    Defendants deny the allegations in paragraph 129 of the Complaint.

130.    Defendants deny the allegations in paragraph 130 of the Complaint.

131.    Defendants deny the allegations in paragraph 131 of the Complaint.

132.    Defendants deny the allegations in paragraph 132 of the Complaint.

133.    Defendants deny the allegations in paragraph 133 of the Complaint.

134.    Defendants deny the allegations in paragraph 134 of the Complaint.

135.    Defendants deny the allegations in paragraph 135 of the Complaint.

C053230021090S/1453558.11

136.    Defendants deny the allegations in paragraph 136 of the Complaint.

137.    Defendants deny the allegations in paragraph 137 of the Complaint.

138.    Defendants deny the allegations in paragraph 138 of the Complaint.

139.    Defendants deny the allegations in paragraph 139 of the Complaint.

140.    Defendants deny the allegations in paragraph 140 of the Complaint.

141.    Defendants repeat and reallege the averments in paragraphs 1 through 140 of the Answer as if fully set forth herein.

142.    Defendants admit the allegations in paragraph 142 of the Complaint.

143.    Defendants aver that the allegations in paragraph 143 of the Complaint constitute a legal conclusion to which no response is required, and otherwise deny those allegations.

144.    Defendants aver that the allegations in paragraph 144 of the Complaint constitute a legal conclusion to which no response is required, and otherwise deny those allegations.

145.    Defendants deny the allegations in paragraph 145 of the Complaint.

146.    Defendants deny the allegations in paragraph 146 of the Complaint.

147.    Defendants deny the allegations in paragraph 147 of the Complaint.

148.    Defendants deny the allegations in paragraph 148 of the Complaint.

149.    Defendants deny the allegations in paragraph 149 of the Complaint.

150.    Defendants repeat and reallege the averments in paragraphs 1 through 149 of the Answer as if fully set forth herein.

151.    Defendants deny the allegations in paragraph 151 of the Complaint.

152.    Defendants deny the allegations in paragraph 152 of the Complaint.

153.    Defendants deny the allegations in paragraph 153 of the Complaint.

154.    Defendants deny the allegations in paragraph 154 of the Complaint.

C053230021 0908/1453558.11

155.    Defendants deny the allegations in paragraph 155 of the Complaint.

156.    Defendants repeat and reallege the averments in paragraphs 1 through 155 of the Answer as if fully set forth herein.

157.    Defendants aver that the allegations in paragraph 157 of the Complaint constitute a legal conclusion to which no response is required, and otherwise deny those allegations.

158.    Defendants deny the allegations in paragraph 158 of the Complaint.

159.    Defendants deny the allegations in paragraph 159 of the Complaint.

160.    Defendants deny the allegations in paragraph 160 of the Complaint.

161.    Defendants deny the allegations in paragraph 161 of the Complaint.

162.    Defendants deny the allegations in paragraph 162 of the Complaint.

163.    Defendants deny the allegations in paragraph 163 of the Complaint.

164.    Defendants repeat and reallege the averments in paragraphs 1 through 163 of the Answer as if fully set forth herein.

165.    Defendants aver that the allegations in paragraph 165 of the Complaint constitute a legal conclusion to which no response is required, and otherwise deny those allegations.

166.    Defendants aver that the allegations in paragraph 166 of the Complaint constitute a legal conclusion to which no response is required, and otherwise deny those allegations.

167.    Defendants deny the allegations in paragraph 167 of the Complaint.

168.    Defendants deny the allegations in paragraph 168 of the Complaint.

169.    Defendants deny the allegations in paragraph 169 of the Complaint.

170.    Defendants deny the allegations in paragraph 170 of the Complaint.

171.    Defendants deny the allegations in paragraph 171 of the Complaint.

172.    Defendants deny the allegations in paragraph 172 of the Complaint.

C0532300210908/1453558.11

173.    Defendants deny the allegations in paragraph 173 of the Complaint.

174.    Defendants repeat and reallege the averments in paragraphs 1 through 173 of the Answer as if fully set forth herein.

175.    Defendants aver that the allegations in paragraph 175 of the Complaint constitute a legal conclusion to which no response is required, and otherwise deny those allegations.

176.    Defendants aver that the allegations in paragraph 176 of the Complaint constitute a legal conclusion to which no response is required, and otherwise deny those allegations.

177.    Defendants deny the allegations in paragraph 177 of the Complaint.

178.    Defendants deny the allegations in paragraph 178 of the Complaint.

179.    Defendants deny the allegations in paragraph 179 of the Complaint.

180.    Defendants deny the allegations in paragraph 180 of the Complaint.

181.    Defendants repeat and reallege the averments in paragraphs 1 through 180 of the Answer as if fully set forth herein.

182.    Defendants aver that the allegations in paragraph 182 of the Complaint constitute a legal conclusion to which no response is required, and otherwise deny those allegations.

183.    Defendants aver that the allegations in paragraph 183 of the Complaint constitute a legal conclusion to which no response is required, and otherwise deny those allegations.

184.    Defendants aver that the allegations in paragraph 184 of the Complaint constitute a legal conclusion to which no response is required, and otherwise deny those allegations.

185.    Defendants deny the allegations in paragraph 185 of the Complaint.

186.    Defendants deny the allegations in paragraph 186 of the Complaint.

187.    Defendants deny the allegations in paragraph 187 of the Complaint.

188.    Defendants deny the allegations in paragraph 188 of the Complaint.

C053230210908/1453558.11

189.    Defendants deny the allegations in paragraph 189 of the Complaint.

190.    Defendants deny the allegations in paragraph 190 of the Complaint.

191.    Defendants deny the allegations in paragraph 191 of the Complaint.

192.    Defendants deny the allegations in paragraph 192 of the Complaint.

193.    Defendants deny the allegations in paragraph 193 of the Complaint.

194.    Defendants deny the allegations in paragraph 194 of the Complaint.

195.    Defendants deny the allegations in paragraph 195 of the Complaint.

196.    Defendants deny the allegations in paragraph 196 of the Complaint.

197.    Defendants deny the allegations in paragraph 197 of the Complaint.

198.    Defendants deny the allegations in paragraph 198 of the Complaint.

199.    Defendants deny the allegations in paragraph 199 of the Complaint.

200.    Defendants deny the allegations in paragraph 200 of the Complaint.

201.    Defendants deny the allegations in paragraph 201 of the Complaint.

<u>AS AND FOR A FIRST AFFIRMATIVE DEFENSE</u>

202.    The Complaint, in whole or in part, fails to state a claim upon which relief may be granted against the Defendants for discrimination on the basis of age, creed, race, color, religion or national origin under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., 42 U.S.C. § 1981, the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq., the New York State Human Rights Law, the New York City Human Rights Law, or the New Jersey Law against Discrimination.

26

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

203.    The Complaint fails to state a claim upon which relief may be granted against the

Defendants for retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

§2000e et seq., 42 U.S.C. § 1981, the Age Discrimination in Employment Act, 29 U.S.C. §621 et

seq., the New York State Human Rights Law, or the New York City Human Rights Law, or the

New Jersey Law against Discrimination.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

204.    To the extent that plaintiffs are challenging the assignment of employees of NICE

Systems Ltd. based in Israel to perform services for either NICE Systems Ltd. or NICE Systems

Inc. in the United States, such assignments are protected by the Treaty of Friendship, Commerce

and Navigation between the United States and Israel, and 42 U.S.C. §2000e-2(e), as applied in

*Avigliano v. Sumitomo Shoji America, Inc.,* 638 F.2d 552 (2d Cir. 1981), because such

assignments were justified, *inter alia,* by such employees' familiarity with the personnel,

products, services and operations of NICE Systems Ltd. in Israel.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

205.    Plaintiffs' claims, in whole or in part, are barred by the applicable limitations

periods.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

206.    Even if plaintiffs prove that age, creed, race, color, religion, national origin or

retaliation was an impermissible motivating factor in any employment decision Defendants

C0532300210908/1453558.11

made, Defendants would nonetheless have made the same employment decisions regarding plaintiffs for lawful reasons.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

207.    Defendants deny that plaintiffs' creed, race, color, religion, national origin or any other protected characteristic, or retaliation, was a motivating factor in any employment decision. Nevertheless, Defendants preserve all affirmative defenses under 42 U.S.C. § 2000e-5(g)(2)(B)(I)-(ii).

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

208.    Defendants' decisions with respect to plaintiffs were based on reasonable factors other than age.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

209.    Plaintiffs' claims and alleged compensatory, punitive and liquidated damages are barred, in whole or in part, because, at all relevant times, appropriate anti-discrimination policies were in effect, plaintiffs failed to avail themselves of those policies and failed to disclose or report any allegations of discrimination, harassment or retaliation, and plaintiffs' employer responded promptly and appropriately to any and all complaints that were brought to its attention in accordance with its policies. Also, each Defendant made good faith efforts to comply with all applicable anti-discrimination statutes and any discriminatory actions or decisions by its managerial agents were not authorized by such Defendant and were contrary to those good faith efforts.

28

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

210.    Any proven misconduct by any supervisor or other employee of plaintiffs' employer other than an officer that affected plaintiffs was done without the authority, knowledge, approval or ratification of Defendants, and was in conflict with and in violation of the applicable policies, solely for personal purposes not related to employment with either Defendant, and/or outside the course and scope of employment.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

211.    Without conceding that Defendants have the burden of proof on this issue, and expressly denying that plaintiffs suffered any actionable damages, Defendants aver that, through use of diligent efforts, each plaintiff could have mitigated his alleged loss of earnings and other damages, if any, and, upon information and belief, failed to do so.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

212.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver and estoppel.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

213.    The New Jersey Law Against Discrimination does not apply to the terms and conditions of plaintiffs' employment, and the termination of plaintiffs' employment, because plaintiffs worked in New York State.  The New York State and New York City Human Rights Laws do not apply to decisions made by Defendants to hire employees to work in New Jersey.

29

**WHEREFORE**, all claims for relief should be dismissed in their entirety, and
Defendants should be awarded their attorneys fees and costs, to the extent permitted by
applicable law.

Dated: New York, New York          **BRYAN CAVE LLP**
       December 28, 2007


                                    /s/ Jay P. Warren
                                   Jay P. Warren (JW 3600)
                                   1290 Avenue of the Americas
                                   New York, New York  10104
                                   (212) 541-2000
                                   Attorneys for Defendants

30