UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUL 15 2008
```

------------------------------------X

Martin O'BRIEN and James MANNING,

        Plaintiffs,

- against -

NICE SYSTEMS, INC. and NICE SYSTEMS, LTD.,

        Defendants.

07 Civ. 9582 (PAC) (KNF)

**AMENDED CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

------------------------------------X

This Amended Civil Case Management Plan, submitted in accordance with the April 29, 2008 Case Management Conference with the Court, and Rule 26(f), Fed. R. Civ. P., is adopted as the Amended Scheduling Order of this Court in accordance with Rule 16(f), Fed. R. Civ. P.

1. All parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).

2. This case is to be tried to a jury.

3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court or as otherwise permitted by the Federal Rules of Civil Procedure.

4. The parties have exchanged initial disclosures pursuant to Rules 26(a)(1), Fed. R. Civ. P.

5. All fact discovery shall be completed no later than December 31, 2008. The parties may seek an extension of this deadline for "good cause".

6. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided all fact discovery is completed by the date set forth in paragraph 5 above:

    a. Additional e-discovery conferences between the parties' counsel have been and will be continuing as appropriate.

    b. Initial requests for production of documents have already been served.

    c. Interrogatories have already been served.

    d.    Fact depositions to be completed by December 19, 2008. Plaintiffs anticipate seeking leave from the Court to conduct more than 10 fact witness depositions.

    e.    Requests to Admit to be served no later than December 5, 2008.

7.    a.    All expert discovery, including expert depositions, shall be completed no later than February 13, 2009.

    b.    No later than (30) days prior to the date in paragraph 5, i.e. the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (I) plaintiff(s)' expert report(s) shall be due before those of defendant(s)' expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

8.    All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements.

9.    All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10.    a.    Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following:

    There will be no such informal exchange of information.

    b.    Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (I) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

    Mediation or settlement conference with a third party to be selected at a later date.

    c.    Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph b, be employed at the following point in the case (e.g. within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery)

    After the close of fact discovery.

    d.    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11.    The Final Pretrial Submission Date is thirty (30) days following the close of fact and expert discovery (whichever is later). By the Final Pretrial Submission Date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's

Individual Practices and Rule 26(a)(3), Fed. R. Civ. P. Any motions in limine (for which the premotion conference requirement is waived) shall be filed by the Final Pretrial Submission Date. If this action is to be tried before a jury, proposed voir dire, jury instructions and verdict form shall also be filed by the Final Pretrial Submission Date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the submission. Jury instructions may not be submitted after the Final Pretrial Submission Date, unless they meet the standard of Rule 51(a)(2)(A), Fed. R. Civ. P. If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted by the Final Pretrial Submission Date.

12. Counsel for the parties have conferred and the plaintiffs' present best estimate of the length of trial is: 10 days.

13.

| Civil Case Management Plan Requirement | |
|---|---|
| Initial Disclosures pursuant to Rule 26(a)(1), Fed. R. Civ. P. have been served. | Completed |
| All fact discovery to be completed no later than: | December 31, 2008 |
| Additional e-discovery conferences among counsel: | Continuing as needed |
| Discovery - initial requests for production of documents have been served: | Completed |
| Discovery – initial interrogatories have been served: | Completed |
| Discovery - depositions to be completed no later than: | December 19, 2008 |
| Discovery - requests to admit to be served no later than: | December 5, 2008 |
| All expert discovery to be completed no later than: | February 13, 2009 |
| Parties to meet to confer on schedule for expert disclosures no later than: | December 1, 2008 |

| | |
|---|---|
| All counsel to meet face-to-face to discuss settlement no later than: | January 13, 2009 |
| Date recommended by counsel for alternate dispute resolution: | January 30, 2009 |

C053230/021090I/1481356.4

**TO BE COMPLETED BY THE COURT:**

14. The next Case Management is scheduled for October <u>15</u>, 2008. at <u>3:30 pm in Courtroom 20-C</u>

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend shall be made in a written application in accordance with paragraph 1(E) of the Court's Individual Practices and shall be made no less than two (2) days prior to the expiration of the date sought to be extended.

_____
Paul A. Crotty
United States District Judge

Dated: New York, New York

July <u>15</u>, 2008

## GOLDBERG & FLIEGEL LLP
### ATTORNEYS AT LAW
### 60 EAST 42ND STREET, SUITE 3421
### NEW YORK, NEW YORK 10165

KENNETH A. GOLDBERG
MICHELE L. FLIEGEL

July 15, 2008

TELEPHONE: (212) 983-1077
FACSIMILE: (212) 973-9577

Honorable Paul A. Crotty
United States District Court
500 Pearl Street
New York, NY 10007

Re: Martin O'Brien and James Manning v. NICE Systems Inc. and NICE Systems Ltd. (No. 07 Civ. 9582)

Dear Judge Crotty:

We represent the Plaintiffs in the above matter. As Your Honor may recall, at the most recent conference, the Court encouraged the parties to attempt to resolve this matter prior to the expenditure of the time and resources required for the extensive electronic and other discovery required in this matter. The parties are now pursuing such settlement discussions and anticipate that several meetings/mediation sessions may be required over the coming months to exhaust settlement discussions. Moreover, because an insurance company is involved, the period of time required to engage in such discussions may be longer as well.

Accordingly, the parties jointly request a three-month extension of the case deadlines so that they can focus their time and effort on settlement discussions over the coming months. A proposed schedule is attached. The parties have agreed to suspend responding to formal discovery requests and attempting to resolve discovery disputes during settlement discussions.

On a separate issue, I have discovered a few clerical errors in the Complaint and intend to submit a separate letter to the Court seeking to amend the Complaint under Fed. R. Civ. P. 15 to correct the errors. Defendants have agreed that any delay in seeking an amendment during the pendency of settlement discussions shall not be a basis for opposing the motion.

Thank you for Your Honor's attention to this matter.

Respectfully submitted,

Kenneth A. Goldberg

cc: Jay Warren, Esq.
Eva Jerome, Esq.